IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS GILLIAM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 13-1557 |
| | ) | |
| VERIZON PENNSYLVANIA, INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Presently before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the Defendant, seeking to dismiss this action on the ground that it was not filed within 90 days of Plaintiff's receipt of a right to sue letter from the Equal Employment Opportunity Commission (EEOC). For the reasons that follow, the motion will be denied.

Plaintiff, Louis Gilliam, brings this action pursuant to 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), alleging that Defendant, Verizon Pennsylvania, Inc. (Verizon), discriminated against him on the basis of his race (African American) and in retaliation for complaining about racial discrimination when it terminated him from his position as a Systems Technician on April 20, 2012.

### Facts

Plaintiff worked at Verizon from on or about May 18, 1998 until he was terminated on April 20, 2012, (Am. Compl. ¶ 9.)[1] He received outstanding performance reviews during the thirteen years and eleven months as an employee and was never issued a disciplinary action. (Am. Compl. ¶ 11.)

On March 16, 2012, United States Drug Enforcement Agency (DEA) agents entered a

---

[1] ECF No. 14.

Verizon store searching for Plaintiff for allegedly conspiring to distribute cocaine. In order to protect Verizon's reputation, Plaintiff did not return the company vehicle to the store, but instead contacted his supervisor to inform him of his whereabouts and returned the vehicle to a Verizon garage closest to his last job site of the day. DEA agents, with the assistance of Verizon security, searched both the returned vehicle and Plaintiff's personal vehicle but found no incriminating evidence in either vehicle. (Am. Compl. ¶¶ 12-15.) The DEA arrested Plaintiff on March 18, 2012 for allegedly conspiring with others to possess with the intent to distribute five kilograms or more of cocaine. (Am. Compl. ¶ 16.)

On April 20, 2012, Verizon notified Plaintiff of his termination, citing three reasons for the discharge: 1) improper/unauthorized utilization of the company's motor vehicle; 2) involvement in the sale or transfer of illegal drugs; and 3) failure to cooperate with the company's investigation. Verizon also claimed in Plaintiff's termination letter that he violated its Code of Business Conduct and the NFO work rules. (Am. Compl. ¶ 17.)

Plaintiff asserts that he did not commit the alleged misconduct and notes that the United States Attorney filed a motion to dismiss the criminal complaint, which was granted by this Court on December 11, 2013.[2] He further indicates that he cooperated at all times with Verizon's investigation. (Am. Compl. ¶¶ 18, 21-22.)

Rather, Plaintiff alleges that he was treated in a discriminatory fashion by Verizon's Senior Investigator, John Yock, during the investigation and that Yock's behavior when conducting interviews of African-American technicians and employees of Verizon was well-known. (Am. Compl. ¶¶ 26-28.) Plaintiff and his union representative complained about Yock's behavior, but no action was taken. (Am. Compl. ¶¶ 29-30.) Finally, Plaintiff challenges the

---

[2] See Case No. 12-mj-207, ECF Nos. 65, 66.

"improper use of a company vehicle" reason cited in his termination letter, noting that a Verizon investigator told him that Verizon was only concerned about the allegation concerning the distribution of drugs. (Am. Compl. ¶ 32.)

Procedural History

In the original Complaint, Plaintiff alleged three claims of employment discrimination: Count I alleged a claim of racial discrimination in violation of Title VII, Count II alleged a claim of retaliation in violation of Title VII and Count III alleged claims of discrimination under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA). On December 23, 2013, Defendant filed a motion to dismiss (ECF No. 8). In response, on January 10, 2014, Plaintiff filed an Amended Complaint, which eliminated the PHRA claims in Count III.

On January 27, 2014, Defendant filed a motion to dismiss the Amended Complaint (ECF No. 17). Plaintiff filed a brief in opposition on February 10, 2014 (ECF No. 19). Defendant filed a reply brief on February 24, 2014 (ECF No. 20).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

The Court of Appeals has indicated that:

> While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (citations omitted).

Filing Within 90 Days of Right to Sue Letter

"Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within 90 days of the claimant's receipt of the EEOC right to sue letter." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009). "The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted). The 90-day filing period is not a jurisdictional requirement. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Rather, it is treated as a statute of limitations. Figueroa v. Buccaneer

Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999). The Court of Appeals for the Third Circuit has held that raising this issue is an affirmative defense and that the burden of proof "rests solely on the employer." Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108 (3d Cir. 2003) (citation omitted).

The Court of Appeals has stated that:

> When the actual date of receipt is known, that date controls. However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it. See Fed.R.Civ.P. Rule 6(e); Mosel [v. Hill's Dept. Store, Inc.], 789 F.2d [251], 253 n.2 [(3d Cir. 1986)] (stating that the Supreme Court has suggested that Rule 6(e) applies when parties dispute the date of receipt). Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown.

Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (other citations omitted).

Plaintiff has indicated that he received a notice of right to sue letter on July 25, 2013. (Am. Compl. ¶ 2(f) & Ex. 1.) The letter was dated July 24, 2013. (ECF No. 19 Ex. 1.) Ninety days from July 25 was October 23, 2013. It is what occurred on that date and following that has prompted Defendant's motion to dismiss.

Plaintiff asserts that:

This action was filed on October 23, 2013 with this Court within ninety (90) days of Plaintiffs receipt of that Notice, despite the Complaint reflecting a timestamp of October 25, 2013;

Kim Rios, a paralegal at Maiello Brungo and Maiello, LLP, ("MBM") filed the Complaint electronically on the … PA WD CM/ECF on October 23, 2013;

Ms. Rios received a Pay.gov Payment Receipt via e-mail dated October 23, 2013 at 5:28 p.m., the MBM credit card was charged $400.00 on October 23, 2013 for the filing of the action in the above-captioned matter…;

Plaintiff's counsel sent a letter via certified mail to Verizon on October 24, 2013 enclosing the Original Notice of Lawsuit and Request for Waiver of Service of

> Summons, Original and one copy of the Waiver of Service of Summons, and Complaint…;
>
> On October 25, 2013, Ms. Rios called a PAWD clerk and explained that she filed a Complaint on October 23, 2013, but the CM/ECF was not reflecting the filing;
>
> The clerk explained to Ms. Rios that he could see that the Complaint was filed on October 23, 2013 based on the payment by MBM, but that CM/ECF did not reflect the Complaint properly and that an administrative/computer filing error occurred, which is common, and that Ms. Rios would have to file the Complaint again;
>
> …
>
> Verizon's counsel sent a letter to Plaintiff's counsel on November 6, 2013 accepting the Waiver of Service of Summons, which reflects a sent date of October 24, 2013, and acknowledging that a responsive pleading was due on December 23, 2013…;
>
> On November 6, 2013, Verizon's counsel called Plaintiff's counsel to discuss the ninety (90) day filing issue as the Complaint reflects a timestamp of October 25, 2013; and
>
> Plaintiff's counsel explained the administrative/computer filing error that occurred with the CM/ECF system, as explained by the clerk to Ms. Rios, and that Plaintiff did actually file the Complaint on October 23, 2013 within the ninety (90) day filing deadline….

(Am. Compl. ¶ 2(g-*l*, n-p & Exs. F-J.)

Defendant nevertheless argues that the Complaint was not filed until October 25, 2013, 92 days after Plaintiff received the Notice of Right to Sue Letter. It contends that Plaintiff cannot blame technical failures with this Court's filing system because he did not follow the Court's "Technical Failures" procedures and did not attempt to file the Complaint again until two days later. It further argues that the narrow circumstances provided for equitable tolling do not apply in this case.

Defendant's hyper technical arguments are rejected. First, as noted above, it is not clear that the "face of the complaint" shows noncompliance with the limitations period. Rather, the

Amended Complaint (the operative document here) alleges that the original Complaint was filed on October 23, 2013. See Elchik v. Akustica, Inc., 2013 WL 1403341, at *2 (W.D. Pa. Apr. 5, 2013) (Hornak, J.) (expressing doubt that the "Third Circuit" rule can be applied when a complaint alleges that it was timely filed). Moreover, and contrary to Defendant's criticism of Plaintiff's procrastination in waiting to file the Complaint until the 90th day, there is no legal support for the contention that this fact is of significance.[3] In this Court's experience, filing documents on the last possible day is a common attorney practice.

It is also noted that Defendant's own Waiver of Service of Summons documents that Plaintiff's request for a waiver was sent by certified mail and received on October 24, 2013, which would make no sense if the Complaint had not been filed until October 25, 2013. Similarly, Plaintiff has submitted a letter and accompanying certified mail receipt showing that the notice of lawsuit, request for waiver, copy of waiver and complaint were all sent to Defendant on October 24, 2013.

Second, Defendant does not dispute the sequence of events alleged in the Amended Complaint and attested to by Plaintiff's paralegal in her affidavit. The Pay.gov receipt clearly shows that payment for the filing of a complaint was made on October 23, 2013 and counsel has asserted that he reasonably believed that the Complaint was accepted on that date and that he did not receive any indication to the contrary. Moreover, even if Defendant did dispute the events, the Court would accept Plaintiff's well-pleaded facts and supporting materials in the face of a motion to dismiss.

---

[3] It is ironic that Defendant's counsel continually berates Plaintiff's counsel for waiting until the last day of the statutory period to attempt to file the Complaint when Defendant's counsel waited until the last day to file the motion to dismiss, even relying upon a Federal Rule of Civil Procedure that extends the 14-day response period by 3 days because service was made by the Court's ECF filing system. See Fed.R.Civ.P. 5(b)(2)(E), 6(d), 15(a)(3).

Third, Defendant's citations are to cases involving completely different circumstances. In In re Harper, 497 B.R. 155 (Bankr. N.D. Ga. 2013), the court observed that a bankruptcy rule was mandatory and would not allow the court any discretion to grant a late-filed motion to extend time to file a dischargeability complaint. Plaintiff also notes that the bank failed to upload its complaint to ECF, submit payment or receive a computer-generated receipt for the filing, making the case distinguishable. In John M. Floyd & Associates, Inc. v. Ocean City Home Bank, 593 F. Supp. 2d 719 (D.N.J. 2009), an untimely bill of costs that an attorney claimed he tried to submit on the last day but could not when he encountered technical difficulties with the filing system was rejected because the Local Rule stated that failure to comply with the rule meant that "all costs shall be waived." Finally, in New York Times Co. v. U.S. Department of Homeland Security, 959 F. Supp. 2d 449 (S.D.N.Y. 2013), the government waited until the last day to attempt to appeal the court's order directing it to produce a list of aliens who were convicted but released. Ten days later, the government realized that the notice of appeal had not been docketed. In determining whether to grant an extension for a late filing, the court applied a four-factor test, but primarily relied upon "the reason for the delay, including whether it was within the reasonable control of the movant" and found that the government failed to confirm that its filing was successful.

By contrast, Title VII does contain such absolute commands. Moreover, applying Defendant's argument herein would not merely deny a party a bill of costs, but would throw him out of court entirely. For all of these reasons, the Court could conclude that there are factual issues surrounding when and how the Complaint in this case was filed that preclude resolving Defendant's argument in the context of a motion to dismiss.[4] Rather than do so, however, the

---

[4] If the Court were to do so, the parties would have to engage in discovery, including contacting

Court turns to the issue of equitable tolling. The doctrine applies here to defeat Defendant's argument entirely.

Equitable Tolling

The Court of Appeals has stated that:

> Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances. Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998); Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981); Mathews v. Little, Civ. A. No. 92-CV-1114, 1992 WL 192542, *2 (E.D. Pa. July 31, 1992). The caselaw is instructive. The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In United States v. Midgley, 142 F.3d 174 (3d Cir. 1998), we expressed a willingness to invoke equitable tolling in a number of other circumstances: when the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum. See id. at 179; Oshiver, 38 F.3d at 1387. See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir.1998) (equitable tolling is an appropriate remedy when principles of equity would make a rigid application of the statute of limitations unfair); Shendock v. Office of Workers' Compensation Programs, 893 F.2d 1458, 1462 (3d Cir. 1990) (same).

Seitzinger, 165 F.3d at 240. Defendant's contention that equitable tolling applies only in three narrow circumstances (ECF No. 20 at 3 n.3) is erroneous. In fact, the case it cites refers to "three principal situations." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005).

The Court of Appeals has "reasoned that, because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." In re Community Bank of N. Virginia, 622 F.3d 275, 301-02 (3d Cir. 2010). "This is the case even

---

personnel in the Clerk's Office to investigate exactly what occurred on October 23, 2013. Given the resolution of the equitable tolling issue, such discovery is unnecessary.

when what is known as the "Third Circuit Rule" is applied, which permits the assertion of a statute of limitations defense at the Motion to Dismiss stage when the time alleged in the statement of the claim shows that the cause of action was not brought within the statute of limitations." Elchik v. Akustica, Inc., 2013 WL 1403341, at *2 (W.D. Pa. Apr. 5, 2013) (Hornak, J.) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)). Indeed, as noted above, when the complaint alleges that it was timely filed, the "Third Circuit Rule" arguably does not even apply and a statute of limitations defense should not be raised in a motion to dismiss. See also Pittman v. Bob, 2012 WL 3580157, at *5 (W.D. Pa. Aug. 17, 2012) (in another case, Judge Hornak similarly relied upon the date the plaintiff alleged he received the notice of right to sue letter, without inquiring whether this alleged fact was supported by evidence and even though it was eleven months after the EEOC issued the letter), aff'd on other grounds, 520 F. App'x 101 (3d Cir. 2013).

In a case with facts somewhat similar to those involved here, the plaintiff counsel's attempted to file a motion to proceed in forma pauperis and a complaint on August 25, 2011, but the transaction did not go through. When counsel subsequently learned of this failure, she resubmitted the documents on September 20, 2011, which fell beyond the 60 days allowed for a claimant to file for review of a denial of a Social Security case. Judge Hornak referred to one basis for equitable tolling being "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum, Oshiver, 38 F.3d at 1387, and then observed that:

> The language employed by our Court of Appeals would seem to embrace the present situation, in which Hansen has timely asserted his rights in the correct forum by improperly forwarding (or allegedly attempting to forward) the relevant documents to the ECF computer database. Alternatively, it would be inequitable if it turned out that Hansen had to suffer the consequences of an error made by a judicial employee or an electronic malfunction in the Court's ECF system. Oshiver, 38 F.3d at 1387 (stating that equitable tolling is appropriate "where the plaintiff in some extraordinary way has been prevented from asserting his or her

10

rights"). Thus, the Court concludes that it is not compelled to dismiss Hansen's complaint under these circumstances.

Hansen v. Astrue, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012) (footnote omitted).

As Plaintiff observes, the Court charged a $400.00 filing fee and generated a payment receipt on October 23, 2013 but did not accept the Complaint, without displaying any indication that this had occurred. This sequence of events qualifies as an "extraordinary circumstance" sufficient to invoke equitable tolling.

Defendant argues, in effect, that this Court's "Technical Procedures" supersede these principles of equity, such that, if a party fails to follow the technical procedures when a document is not accepted by the electronic filing system, that party loses the right to raise the issue that he has in some extraordinary way has been prevented from asserting his rights. This Court rejects this argument for the same reasons identified by Judge Hornak in the cases cited above. Defendant has also neglected to note that the Technical Procedures state that "A Filing User who suffers prejudice as a result of a technical failure may seek appropriate relief from the court." Thus, the procedures themselves acknowledge a principle of equity.

In addition, the circumstances here suggest that the Court "has misled the plaintiff into believing that []he had done everything required of [him]" when the system accepted the filing fee and generated a receipt and when the docketing clerk subsequently stated that he could see that the Complaint was filed on October 23, 2013 based on the payment, but that CM/ECF did not reflect the Complaint being properly filed because an administrative/computer filing error occurred, and that the Complaint would have to be filed again (without a second payment being made).

Finally, it goes without saying that Defendant suffered no prejudice as a result of the Complaint being timestamped as filed on October 25, 2013, two days after Plaintiff thought he

had successfully filed it, when Defendant had already received the Complaint and when it did not sign the waiver until November 6, 2013. The Court concludes that equitable tolling applies to the extraordinary circumstances of this case and Plaintiff's Complaint, even if not technically filed until October 25, 2013, will not be dismissed.

For these reasons, the motion to dismiss submitted on behalf of the defendant (ECF No. 17) will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS GILLIAM,  )
        Plaintiff,  )
   )
vs  )   Civil Action No. 13-1557
   )
VERIZON PENNSYLVANIA, INC.,  )
        Defendant.  )

ORDER

AND NOW, this 7th day of March, 2014,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant (ECF No. 17) is denied.

IT IS FURTHER ORDERED that Defendant file an answer to the Amended Complaint by March 21, 2014.

          s/Robert C. Mitchell
          ROBERT C. MITCHELL
          United States Magistrate Judge